GENERAL BONDING & CASUALTY INSURANCE COMPANY ET AL. v. A. MOSELEY ET AL.

No. 2834.    Decided May 5, 1920.

(222 S. W., 961.)

**Corporations—Stock Subscriptions—Payment by Note and Mortgage—Constitution.**

The payment for corporate stock of an insurance company by the subscriber's note secured by mortage on unincumbered real estate complying with the requirements of article 4711, Rev. Stats., as to securities in which the company was authorized to invest its capital, constituted "property actually received" by the corporation within the meaning of article 12, section 6, of the Constitution. (P. 531).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Hardeman County.

Moseley and another sued the General Bonding & Casualty Insurance Company and others and recovered judgment. Defendants prosecuted error to the Court of Civil Appeals, which affirmed the judgment, 174 S. W., 1031. Appellant thereupon obtained writ of error from the Supreme Court.

*Locke & Locke,* for plaintiffs in error.—The note and deed of trust constituted "property" within the meaning of the constitutional and statutory provisions prohibiting a corporation from issuing stock except for money paid, labor done or property actually received. Cole v. Adams, 92 Texas, 171; O'Bear-Nester Glass Co. v. Antiexplo Co., 101 Texas, 432; Aggs v. Shackleford County, 85 Texas, 145; Ft. Worth Imp. Dist. No. 1 v. City of Ft. Worth, 158 S. W., 164; 6 Words and Phrases, 5694; 32 Cyc., 647.

The constitutional and statutory provisions in question will not be construed to forbid the acceptance by the corporation of securities in which it must immediately reinvest its funds. Southern Life Ins. & Trust Co. v. Lanier, 5 Fla., 110; Clark v. Farrington, 11 Wis., 306; Blunt v. Walker, 11 Wis., 334; Cornell v. Hichens, 11 Wis., 353; Lyon v. Ewings, 17 Wis., 61; Andrews v. Hart, 17 Wis., 297; Western Bank v. Tallman, 17 Wis., 530; State ex rel. Norvell-Shapleigh Hardware Co. v. Cook, 77 S. W., 559; Phil-

lips v. Covington & Cin. Bridge Co., 59 Ky., 219; State of South Dakota v. State of North Carolina, 192 U. S., 286; Union Cent. life Ins. Co. v. Curtis, 35 Ohio St., 343; City of Griffin v. Inman, 57 Ga., 370; Town of Clifton Forge v. Brush Electrical Co., 23 S. E., 288; Evansville, I & C. R. R. Co. v. City of Evansville, 15 Ind., 395; Kinkade v. Witherop, 69 Pac., 399; Orcutt v. McGinley, 148 N. W., 586; Commonwealth v. Town of Williamston, 30 N. E., 472; Shoemaker v. Gorhen Township, 14 Ohio St. 569; Cole v. Adams, 92 Texas, 171.

*M. M. Hawkins,* for defendants in error.—A note given to a corporation as payment for shares of its stock which have been issued or which may be issued by it to the maker of the note, be-fore the payment of the note, there being no other consideration aside from the promise incorporated in the note, is void. Consti-tution, art. 12, sec. 6; San Antonio Irri. Co. v. Deutschmann, 102 Texas, 201; McCarty v. Texas Loan & Guar. Co., 142 S. W., 96; Mason v. First Nat. Bank of Paint Rock, 156 S. W. 366; Cow Boy State Bank & Trust Co. v. Guinn, 160 S. W., 1103; Cope v. Pitzer, 166 S. W., 447.

The Constitution having prohibited the issuance of the stock of corporations, except for money paid, labor performed, or property actually received, it is not within the scope of legislative enact-ment to make such provision inoperative by a provision that the assets of a corporation might consist of first mortgages on unin-cumbered real estate, by the use of the terms "its *Capital stock* shall be invested," etc. The Capital Stock of a corporation, con-sists of money or property owned by it. Williams v. Western U. Tel. Co., 93 N. Y., 162. Burral v. Bushwick R. Co., 75 N. W., 211; St. Louis & C. Ry. v. Loftin, 30 Ark., 708; and authorities cited above.

The execution and delivery of the $1,890 note by defendant in error to the bond company was illegal, and defendants in error were not bound in law to pay it; the execution, contemporaneously with it of the deed of trust on the Quanah property was likewise invalid; that is to say: If the debt could not be collected the mortgage is invalid. Seeligson v. Lewis, 65 Texas, 215; Wegner Bros v. Biering & Co., 65 Texas, 510; Columbia Car Co. v. Hatch, 47 S. W., 288; Harvey v. Edens, 69 Texas, 420; Hubby v. Harris, 68 Texas, 91; Lockridge v. McCommon, 90 Texas, 234.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was one for the cancellation of a note and deed of trust upon land to secure its payment, given by the plaintiffs for shares of stock in the defendant corporation, upon the ground of fraud in the procurement of the plaintiff's subscription agreement, and because, as is claimed, the note and mortgage were not "property"

within the meaning of section 6 of article 12 of the Constitution, and hence could not be accepted in payment for the stock.

It is undisputed that the mortgage was a first mortgage upon the land; that the title of the plaintiffs to the land was valid; and that the value of the land was double the amount of the note, a policy of fire insurance for $3,000 covering the buildings on the property having been delivered to the corporation with loss payable to it.

The corporation was organized under Section 62 of the Act of 1909. By the provisions of that act its capital could consist of first mortgages upon unincumbered real estate in this State, the title to which was valid and whose market value was double the amount loaned thereon exclusive of buildings, unless the buildings were insured in some responsible company and the policy or policies were transferred to the corporation. Article 4711, Revised Statutes.

The question in the case is whether the subscribers' note and first mortgage upon the land constituted "property actually received" by the corporation, within the meaning of section 6 of article 12 of the Constitution.

We held in Washer v. Smyer, 109 Texas, 398, 4 A. L. R., 1320, 211 S. W., 985, that the naked note of a subscriber to the capital stock of a corporation given in payment of his subscription was not property within the intendment of the Constitution, since it was simply his promise to pay the amount of his subscription in another form. But under the established rule of decision in this court, that contract rights transferred to a corporation in payment for stock are, to the extent of their value, "property actually received" by the corporation, Cole v. Adams, 92 Texas, 171, (46 S. W., 790)—a decision whose soundness cannot be controverted—a subscriber's note secured by a valid first mortgage upon real estate, accepted by the corporation in payment for stock, cannot be held as other than property in the full sense of the Constitution. The corporation thereby obtains something more than the mere promise of the subscriber to pay. It obtains the right to have the land appropriated to the payment of the note. This is a valuable right, a property right, as fully so as any contract right, and, in general, as valuable as any such right. The corporation receives it and owns it. It constitutes a distinct asset in its hands; recognized, generally, as one of the most stable, desirable and easily convertible forms of property, as instanced by the Legislature's Act authrizing the capital of such corporations as this one to consist of such mortgages.

The right acquired under such mortgages is clearly property, and the law was therefore one within the power of the Legislature to enact.

The judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded to the District Court for trial upon the issues of fraud.

*Reversed and remanded.*