## PENLAND v. SCHRAMM. (No. 6352.)

(Court of Civil Appeals of Texas. Austin.
May 4, 1921. Rehearing Denied June 8,
1921.)

Corporations ⬅99(2)—Notes secured by trust
deed on real estate held "property" for which
stock may be issued.

Notes for stock amply secured by deed of
trust on real estate are "property" actually
received, for which by Const. art. 12, § 6, stock
may be issued.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Property.]

Error from District Court, McLennan
County; H. M. Richey, Judge.

Suit by G. H. Penland, receiver of the Texas Fidelity & Bonding Company, against
Peter Schramm. Judgment for defendant,
and plaintiff brings error. Reversed and
rendered.

O. L. Stribling, of Waco, for plaintiff in
error.

W. A. Barlow, of Austin, for defendant in
error.

JENKINS, J. The Texas Fidelity & Bonding Company was a private corporation,
which, at the suit of the state, was placed in
the hands of a receiver, and plaintiff in error appointed as such receiver.

This suit was brought by plaintiff in error
upon three promissory notes of $500 each,
executed by defendant in error to the Texas
Fidelity & Bonding Company, and secured
by deed of trust upon certain real estate in
Williamson county, of the value of $1,800,
exclusive of improvements. The improvements were of the value of $1,200, and were
insured for the sum of $750, the policy being
assigned to the bonding company as its interest might appear.

Defendant in error interposed as a defense that the notes were given for 100
shares of the capital stock of the bonding
company, at $15 per share; that said transaction is in violation of section 6, article 12,
of the state Constitution. He further alleged that the bonding company is not insolvent, and has no creditors, to pay whom it
is necessary that the notes sued on, or any
part thereof, be collected. Defendant in error tendered into court the shares of stock,
and prayed for the cancellation of the notes
sued on, and of the deed of trust on the real
estate, as being a cloud upon his title.

Plaintiff in error, by supplemental petition, alleged that the notes were given, not
for shares of stock in the corporation, but
for a loan of money made by it to defendant in error. The case was submitted to a
jury upon the following special issues:

"(1) Were the notes sued on given as consideration for the 100 shares of stock introduced in evidence?" To which the jury answered: "Yes."

"(2) State whether or not the assets of the
Texas Fidelity & Bonding Company are sufficient to liquidate all of its obligations under
the receivership herein." To which the jury
answered: "Yes."

Upon this verdict the court rendered judgment, canceling the notes and the lien on the
real estate, and that the plaintiff in error
take nothing by his suit. The evidence is
sufficient to sustain the findings of the jury.

Defendant in error, in support of his contention that the notes herein sued on having
been executed for stock in a corporation are
void, cites the following authorities: Section
6, art. 12, Texas Constitution; Washer v.
Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R.
1320; Ins. Co. v. Pearson, 188 S. W. 513;
Trust Co. v. Taylor, 184 S. W. 772; McCarthy v. Loan Co., 142 S. W. 96; Trust Co.
v. Swearingen, 200 S. W. 596; Shield v. Ins.
Co., 202 S. W. 211; Patterson v. Onion, 202
S. W. 327; Trust Co. v. Hardee, 200 S. W.
201; Bank v. Stevenson, 211 S. W. 644;
Thompson v. Bank, 109 Tex. 419, 211 S. W.
977; Brady v. Cobbs, 211 S. W. 802. Some
of the cases cited deal with the question of
an innocent purchaser, which issue is not in
this case. Some of them, however, undoubtedly support the proposition that a note given by a purchaser for stock in a corporation,
although amply secured by real estate mortgage, is not property received within the
meaning of section 6, art. 12, of the Texas
Constitution, which reads as follows:

"No corporation shall issue stock or bonds
except for money paid, labor done or property
actually received, and all fictitious increase of
stock or indebtedness shall be void."

As an original proposition, the writer believes that the proposition asserted by defendant in error is sound. However, a contrary view is held by the Supreme Court of
this state, in the case of General Bonding &
Casualty Ins. Co. v. Moseley, 110 Tex. 529,
222 S. W. 961. We think this case is in
point, notwithstanding that it arose under
the provisions of article 4711, Revised Statutes, which reads as follows:

"The capital stock of a company [insurance
company] shall consist—

"1. In lawful money of the United States; or

"2. In the bonds of this state or any county or incorporated town or city thereof, or the
stock of any national bank; or

"3. In first mortgages upon unincumbered
real estate in this state, the title to which is
valid, and the market value of which is double
the amount loaned thereon, exclusive of buildings, unless such buildings are insured in some
responsible company and the policy or policies
transferred to the company taking such mortgage."

Article 4710, Revised Statutes, is as follows:

"The stock of any company organized under the laws of this state shall be divided into shares of one hundred dollars each."

In the instant case, the shares were divided into $10 each and were sold at $15 each. This, however, we think is immaterial, for the reason that the issue here presented is whether a note, secured upon real estate given in exchange for stock in a corporation, is void under section 6, article 12, of the Constitution of this state. We think it immaterial that the Moseley Case, supra, arose under the provisions of article 4711, Revised Statutes, supra. If a secured note is not "property" received within the meaning of the Constitution, said article is unconstitutional. The court expressly held that this article was not unconstitutional. The fact that this article, in effect, recognizes that notes secured by mortgage on real estate of double the value of the note, exclusive of improvements, is "property" within the meaning of the Constitution, is immaterial, for the reason that the same would be "property," if at all, though less than double the amount of the note secured.

In the Moseley Case, supra, Chief Justice Phillips, speaking for the court, said:

"A subscriber's note secured by a valid first mortgage upon real estate, accepted by the corporation in payment for stock, cannot be held as other than property in the full sense of the Constitution. The corporation thereby obtains something more than the mere promise of the subscriber to pay. It obtains the right to have the land appropriated to the payment of the note. This is a valuable right, a property right, as fully so as any contract right, and, in general, as valuable as any such right. The corporation receives it and owns it. It constitutes a distinct asset in its hands; recognized, generally, as one of the most stable, desirable and easily convertible forms of property. * * * The right acquired under such mortgages is clearly property."

In the Moseley Case the value of the land mortgaged was double the amount of the note, the policy of fire insurance for $3,000 covering the buildings on the property having been delivered to the corporation, with loss payable to it.

In the instant case, the value of the property without improvements is $1,800, and of the improvements $1,200, being in the aggregate double the amount of the notes sued on. The policy was for $750. We think it immaterial that the aggregate value of the land and the policy was not double the amount of the notes. The mortgage was apparently ample security for the notes. It was, to use the language above quoted in the Moseley Case, "a valuable right, a property right, as fully so as any contract right,"

and as valuable as collateral security usually is.

On authority of Insurance Co. v. Moseley, supra, we reverse the judgment of the trial court, and render judgment for the plaintiff in error for the amount of the notes sued on, and for the foreclosure of the lien on the land involved.

Reversed and rendered.