

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Overruled by Supreme Court - 3/7/40*
*City of Taylor v. Hodges*

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-5594
Re: Under the facts submitted,
is Williamson County liable
to the Local Registrar, for
birth and death certificates,
prepared by him and forward-
ed to the County Clerk of
Williamson County from June
17, 1941, through June, 1943?
And a related question.

This will acknowledge receipt of your letter of re-
cent date requesting the opinion of this department upon the
above stated and related questions. We quote from your letter
as follows:

"This inquiry is directed to you for an opin-
ion concerning Article 4477 and several of the Rules
contained therein. Dr. E. K. Doak of Taylor, Texas,
was appointed as Registrar of Births and Deaths by
the State Department of Health and approved by the
Mayor of the City of Taylor, after the City Clerk of
the City of Taylor refused to act as Registrar. The
City of Taylor is an incorporated City with a popula-
tion of over 2500. From June, 1941, through June,
1943, inclusive, Dr. Doak submitted his bill each
month to the City of Taylor for the amount due him
as Registrar. Over this period of time he registered
1135 births and deaths for a total consideration of
$566.50. Dr. Doak has submitted to the Commissioners
Court of Williamson County a bill for $566.50, under
date of August 26, 1943, and a certified copy from
Dr. W. A. Davis, State Registrar of Vital Statistics,
certifying the number of births and deaths for each
month from June, 1941, through June, 1943. This is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the first demand made by Dr. Doak for the payment of these Birth and Death Certificates over the period from June 17, 1941, through June, 1943.

"Dr. Doak, at the end of each month, from June, 1941, through June, 1943, submitted his bill to the City of Taylor and this bill was paid promptly by the City of Taylor.

"The city of Taylor does not have any ordinance providing for the Clerk or Secretary for the City of Taylor to perform the duties of Registrar. In June, 1941, the City Clerk of Taylor refused to act as Local Registrar and the State Board of Health, with the approval of the Mayor, appointed Dr. Doak as the Local Registrar.

"Dr. Doak has been paid by the City in full and is now requesting the County to pay him for the same Certificates for which the City has already paid him. It is the understanding between Dr. Doak and the City of Taylor that if the County pays Dr. Doak the $566.50 he will endorse the check to the City and the money will be deposited to the credit of the City of Taylor. It is further to be observed that Dr. Doak in performing the duties of Local Registrar has each month, from June 17, 1941, through June, 1943, send a copy of the Birth or Death Certificates to the County Clerk for recording as provided by law.

"The two questions which I would like for you to answer are:

"'Is Williamson County, under the above statement of facts, liable to Dr. E. K. Doak the Local Registrar, duly appointed by the City of Taylor, for Birth and Death Certificates, prepared by him and forwarded to the County Clerk of Williamson County from June 17, 1941, through June, 1943?'

"'Under the above statement of facts, is Williamson County liable to the City of Taylor for the Certificates which the City of Taylor paid Dr. Doak for recording during the period from June 17, 1941, through June, 1943?'"

Rule 53a of Article 4477, Vernon's Texas Civil Statutes, provides as follows:

"That each Local Registrar shall be paid the sum of Fifty (50) Cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, as required by this Act, unless such Local Registrar shall be acting as Registrar of Birth and Deaths in an incorporated city where the compensation of the Registrar is otherwise fixed by city ordinance.

"The State Registrar shall annually certify to the County Commissioners Court orCounty Auditor, as the case may be, the number of birth and death certificates filed by each Local Registrar at the rate fixed herein, and provided that the State Registrar may render such statements monthly or quarterly, at the discretion of the State Board of Health, and the Commissioners Court or County Auditor, as the case may be, shall audit such statements and the County Treasurer shall pay such fees as are approved by the Commissioners Court or the County Auditor, at the time such statement is issued.

"And provided further, thatthe Justice of the Peace, City Clerk or Secretary, and the appointed Local Registrar shall submit to the Commissioners Court or County Auditor, as the case may be, a true and accurate copy of each birth and death certificate filed with him, and such copies shall bear his file date and signature and shall be deposited in the County Clerk's office. The County Clerk shall be paid for indexing and preserving such records, such compensation as may be agreed upon by the Commissioners Court."

This department in Opinion Nos. 0-3874 and 0-4583, copies of which are enclosed herewith for your convenience, rendered its opinion as to the proper construction to be placed upon the above quoted rule of Article 4477, supra. As pointed out in these enclosed opinions the county, in the absence of a city

ordinance providing for compensation of these local registrars, was the political subdivision liable for payment of the prescribed fees of such registrars.

The city of Taylor accordign to the information furnished us had not passed an ordinance providing for compensation of its local registrar. Therefore, from June, 1941, to June, 1943, the local registrar could not have legally demanded payment of his fees from the City of Taylor and upon such a presentation of his claim the city could have rightfully turned it down. The registrar could have, however, by performing his duties in accordance to the appropriate provisions of Article 4477, supra, lawfully demanded payment of his claim for fees from Williamson County, since the county was actually indebted for the performance of these services. The query then arises whether or not the fact the City of Taylor did pay for the rendition of these services by the local registrar seemingly out of its own volition alters the situation in any way.

The Texas courts have held that payment of an obligation by a third party, although without the debtor's request, if accepted as such by the creditor, discharges the obligation so far as the creditor is concerned. Holland v. De Walt, 225 S. W. 217, writ of error dismissed; General Banking and Casualty Ins. Co. v. Moseley, 174 S. W. 1031, reversed on other grounds, 110 Tex. 529, 222 S. W. 961. According to the facts furnished us, it cannot be tenably contended that the local registrar did not accept the fees from the City of Taylor in full and complete payment for the services he rendered in that capacity. The registrar could not now present his claim to Williamson County and contend it was due and unpaid when in fact he had been fully compensated therefor. Thus, so far as Williamson County and the local registrar are concerned, any obligation existing between them has been extinguished and completely discharged.

We further do not believe the City of Taylor has any claim against Williamson County for paying these fees. As pointed out, the city could by ordinance be liable for these fees. The only claim the city could have would be by subrogation; that is, claim any rights the registrar may have had against the county. It is well settled that the doctrine of subrogation may not be invoked by a mere volunteer who has paid an obligation of another without a legal obligation to do so

and an absence of compulsion or to protect an existing right. Houston v. Shear, 210 S. W. 976, writ of error dismissed; First National Bank and Trust Co. v. Vordeman, 188 S. W. 695, affirmed 221 S. W. 685; Federal Reserve Bank of Dallas v. Smylie, 134 S. W. (2d) 838. The City of Taylor voluntarily paid the local registrar without a legal obligation to do so, was not forced to do so by compulsion, nor to protect any existing right. In other words, the city voluntarily paid the registrar in the true sense that the word is used.

It is therefore the opinion of this department that Williamson County is not liable to the local registrar or the City of Taylor for registration fees accruing between June 17, 1941, and June 30, 1943, but will be liable to the local registrar for fees accruing after June 30, 1943.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /signed/
Robert O. Koch
Assistant

ROK:db

Enclosures

APPROVED OCT. 5, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/ B. W. B., Chairman