## YOUNG v. GRUNDY.

Although the consideration of a promissory note fail, by

THIS was an appeal from a decree of the Circuit Court for the District of Columbia, sitting in Alexandria, as a Court of Equity.

Young brought a bill in equity against Grundy to be relieved from a judgment at law, obtained by Grundy against him on a promissory note given by him in Virginia, to one William Chambers from whom it passed, by several intermediate indorsemeuts, to Grundy. It was given in 1795 for part of the purchase money of a large tract of land in Virginia, which Chambers and others contracted to sell and convey to Young. It was afterwards discovered that Chambers and others had been imposed upon, and that they had title only to a very small part of the land they had sold to Young; whereupon a new agreement was entered into on the 6th September, 1798, between Chambers and others and Young, by which the original contract was rescinded and compensation made to Young for the injury he had sustained by their breach of contract, and provision was made to reimburse him the monies he had paid and to take up paper of his, equivalent to that which was then outstanding, and which he had issued for the original purchase money.

YOUNG
*v.*
GRUNDY.

reason of the failure of the payee to perform his part of the agreement upon which it was given, yet if a new agreement as a substitute for the old one be entered into between the original parties to the note, this failure of the original consideration creates no equity in favor of the maker of the note against the indorsee, even in Virginia.

Young, in his bill contended, that Chambers and others had not complied with this new agreement, but that they owed him more than enough to cover this note.

In the Court below the injunction was dissolved, and upon final hearing the bill was dismissed. Young appealed to this Court.

E. I. Lee, *for the Appellant,*

Contended, that there was an original defect of consideration for this note, which, according to the laws of Virginia. followed it into the hands of the present holder. *Laws of Virginia, vol.* 1, *p.* 36—1, *P. Wms.* 497, *Turton v. Benson*—1, *Dall.* 23, *Wheeler v. Hughes' ex'r.* 2, *Wash.* 233, *Norton v. Rose*—6, *Cranch,* 204, *Stewart v. Anderson.*

Swann, *contra.*

There is no ground of equity as to Grundy.

There was no original want of consideration. Young held the bond of the payee to convey the land, and had

YOUNG
*v.*
GRUNDY.

his remedy upon that bond. The new contract was a substitute for the old one, and was made after Grundy became the holder of the note without notice of any defect of consideration. By the new agreement it was understood that Young should take up this paper, unless it was taken up by Chambers and others, who had an option to take up this or any other equivalent paper of Young's.

*March 16th....*LIVINGSTON, *J.* delivered the opinion of the Court as follows:

Whatever equity the Complainant may once have had against the payee or holder of the note for *l* 433 15 which was assigned to George Grundy, in consequence of the non-performance of the agreement of the 15th of May, 1795, this Court is of opinion that all such equity was done away by the contract of the 6th September, 1798. This last contract was made for the express purpose of making the Complainants a compensation for the loss they had sustained, by the non-performance of the other, and was evidently received as an equivalent or substitute therefor. By this latter contract then they were placed, as it respected the holders of all their notes, precisely in the same situation as if there had been no want or failure of consideration of the agreement made in 1795. Whether the agreement of 1798 has been complied with it is not material to inquire, because, previous thereto, this note was held by Grundy, who cannot be affected by any claim which the Complainant may have against the other Defendants in consequence of any subsequent transactions between the parties.

The Court is of opinion that the decree of the Circuit Court be affirmed with costs.