PICKEL v. THE ST. LOUIS CHAMBER OF COMMERCE ASSOCIA-
TION, *Appellant.*

| 80 | 65 |
|----|-----|
| 31a | 263 |

| 80 | 55 |
|----|-----|
| 36a | 140 |

| 80 | 65 |
|----|-----|
| 90a | 407 |

**Account Stated:** FOR WHAT OPENED.  After the completion of a building the owner and the builder had an accounting and settlement, and the owner, without making any claim for damages caused by delay in the prosecution of the work, gave his note for the balance found to be due.  *Held*, that in the absence of fraud in procuring the settlement, mistake in making it, or ignorance of his rights when it was made, the owner could not defend against the note on the ground that there had been such delay resulting in damage to him.

*Appeal from St. Louis Court of Appeals.**

AFFIRMED.

*V. W. Knapp* for appellant

*C. F. Moulton* for respondent.

HENRY, J.—This case is here on appeal from the judgment of the St. Louis court of appeals.  It is a suit on a note for $5,000, executed by defendant to plaintiffs, June 20th, 1876, and payable one day after date.  The defense was a counter-claim for alleged delays in the stone-work, which plaintiffs agreed to perform on the Chamber of Commerce building in the city of St. Louis, under a written agreement, by which a fixed sum per day was to be allowed by plaintiffs to defendant for delays.  After the completion of the building the architects under the agreement stated

*See 10 Mo. App. 191.

the account between the plaintiffs and the defendant in writing, showing the work done under the contract, and extra work, and the prices and payments made to plaintiffs, showing a balance due plaintiffs of $36,061.85. This was approved by Geo. Knapp, chairman of the building committee, and all of said balance was paid to plaintiffs, except the amount for which the note in suit was given. This statement of the account was made March 20th, 1876, and the note was executed three months subsequently. Neither in the statement made by the architects, nor when the money was paid and the note was given, was any allusion made to any claim the defendant had against plaintiffs for delays in the prosecution of their work, and the court of appeals held, and properly we think, that in the absence of fraud in procuring it, mistake in making it, or ignorance of its rights when the settlement was made, defendant was precluded by the settlement from recovering on its counterclaim. In addition to the cases recited and relied upon by the court of appeals to sustain the conclusions it reached, we think the doctrine announced by that court fully sanctioned by *Haysler v. Owen*, 61 Mo. 270, and *Johnson Co. v. Lowe*, 72 Mo. 637. When the settlement was made the defendant was not ignorant of any delays in the prosecution of plaintiffs' work, but was fully aware of the delays and what occasioned them.

The judgment is affirmed. All concur, except NORTON, J., absent.