JOHN W. CARTER, Respondent, v. SAMUEL L. CARTER, Appellant.

Kansas City Court of Appeals, January 27, and March 2, 1908.

1. **VENDOR AND VENDEE: Acreage: Payment in Notes: Interest.** A rule for computing the acreage is approved in the opinion and it is held that where the vendee pays for the land in the vendor's notes he cannot demand interest thereon after he gets possession of the land.

2. **ACCOUNTING: Balance: Tender: Acceptance.** One party to an accounting stated the account and left the balance due the other party in the bank for him. They subsequently met and disagreed as to the amount. Later on the party accepted from the bank the money and notes left him. *Held*, in so accepting the tender he agreed to the accounting, since the tender and acceptance of less than the amount of the disputed claim in settlement of the entire claim is binding and operated as a satisfaction.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

REVERSED.

*W. S. Herndon* for appellant.

(1) At the close of the evidence in chief for plaintiff and again at the close of all the evidence, the defendant asked the court to instruct the jury that, under the pleadings and the evidence in the case, the plaintiff could not recover. Both were refused. The appellant claims this was error. Lindersmith v. Land Co., 31 Mo. App. 258; Pickle v. Commercial Assn., 10 Mo. App. 194; 80 Mo. 65, affirmed; Chapman v. Railroad, 114 Mo. 542; McAvoy v. Long, 113 Ill. 147; Railroad v. Marsh, 114 U. S. 549; Kihlburg v. U. S., 97 U. S. 398; William v. Railroad, 153 Mo. 544; Rogers v. Rehard, 122 Mo. App. 44. (2) Any agreement which may have been made after the contract was signed as to stopping the interest, etc., was without any consideration and void. Zerr v. King, 121 Mo. App. 286; Gar-

nier v. Papin, 30 Mo. App. 243; Wilson v. Russler, 91 Mo. App. 275; Montgomery v. Auchley, 92 Mo. 126.

*Frost & Frost* for respondent.

(1)    No possible error could have been made by court by refusal of appellant's peremptory instruction for reason that by their own admissions more than an acre of land was unpaid for. And furthermore there was no settlement and could have been none. Authorities cited by appellant on that point are not in point. A settlement is a contract, and must be understood as such by both parties in order to be binding. Roller Milling Co. v. Insurance Co., 106 Mo. App. 146. (2) Payment of smaller sum than is unquestionably due is not satisfaction, even though accepted by other party. Wetmore v. Crouch, 150 Mo. 671.

BROADDUS, P. J.—This is an action to recover an alleged balance due plaintiff for the price of certain lands he sold and conveyed to the defendant. The land sold had been previously devised by his father, Luther Carter which with other lands so devised was charged with the payment of two annuities. The land consisted of four distinct tracts, three of which were sold at $57 per acre, and the other at $90 per acre.

The contract of sale provided that the land should be surveyed by the county surveyor and the defendant was obligated to pay the prices named per acre for all the land within plaintiff's inclosure as determined by the survey. There was a cash payment of $2,500 on the date of the contract and the balance of the purchase money was to be paid as soon as possession was given which was to be not later than March 1, 1905. The contract also provided that the plaintiff should make a deed to the land sold, and execute a mortgage on other of his lands to secure the defendant from the payment of the said annuities and that they should be left at the First National Bank of Plattsburg to be

delivered to defendant when possession was given and the residue of the purchase price of the land paid.

A survey of the land was delayed until about the middle of March during which interval the defendant made two other payments to plaintiff of $1,000 each. Possession of the land was delivered to defendant some time prior to the date of the making of the survey. The survey included all the land within the lines of the congressional survey. Then the surveyor ascertained the quantity of the land outside the line of the said congressional survey which included one half of the public highway and certain part of the land bordering on and in a certain creek. He then made a statement in writing containing the number of acres of land according to the congressional survey and the number of acres outside plaintiff's inclosure and mailed to each of the parties a copy thereof.

The defendant took this statement as a basis and calculated the amount of the purchase price less that outside of plaintiff's inclosure. He then deposited with the said bank certain notes which he held against the plaintiff among which was one known as the Walcott note and $39.12 to the credit of the plaintiff and received from the bank the deed and mortgage that the plaintiff was required to make under his said contract. In his calculation of the amount due the plaintiff he computed the interest on said notes up to said date. Soon thereafter he met plaintiff when plaintiff informed him he wanted the balance of the purchase money. He then informed plaintiff that the amount due him was the sum of $39.12. The plaintiff disputed the correctness of his calculation, his claim being that the defendant was entitled to pay for all the land in the congressional survey and that he ought not to be required to pay to defendant interest on the notes he held against him from the time that possession was delivered. Soon thereafter the plaintiff went to the bank, drew out the

$39.12 and received from the bank said notes. The verdict and judgment were for the plaintiff from which defendant appealed. At the close of the evidence the defendant asked the court to direct a verdict in his favor which the court refused.

The court tried the case upon the theory that the plaintiff was only entitled to recover for the number of acres outside the plaintiff's inclosure and that defendant was not entitled to interest on his note after he had received possession of the land. This was the proper theory of the case unless it be found that defendants demurrer to the evidence should have been sustained.

If the reception of the amount deposited to plaintiff's credit and the notes deposited therewith in said bank, was a settlement of the dispute between the parties as to the amount due plaintiff the plaintiff was not entitled to recover. It is settled law where parties having mutual matters of account between them, account together and state a balance and the party who on accounting is found indebted to the other pays the debt, the transaction is conclusive upon the parties and cannot be reopened or gone into either at law or in equity except upon proof of fraud or mistake. [Lindersmith v. Land Co., 31 Mo. App. 258; Pickel v. St. Louis Chamber of Commerce Assn., 80 Mo. 65, and cases there cited.]

It is contended by plaintiff that the transaction did not amount to a settlement because the parties did not meet and agree upon the amount stated. It is true there was no such meeting and agreement prior to the time the defendant made the deposit in the bank but as shown the matter was discussed afterwards between the parties and the plaintiff knew the amount that defendant claimed was due him and although he dissented at the time his act afterwards in receiving the deposit and the notes must be construed as an assent to plaintiff's calculation and constitutes a settlement within the

meaning of the law. The act of the defendant in depositing the notes he held against plaintiff and the said sum of money to plaintiff's credit was a tender in full and the plaintiff will not be permitted after accepting tender to deny its legal effect, which was in law a full payment of what was due him. "The general rule is that, the tender and acceptance of less than the amount of a disputed claim in settlement of the entire claim is binding, and operates as a satisfaction of the same." [Lightfoot & Son v. Hurd & Co., 113 Mo. App. 612, and cases there cited.]

The cause is reversed. All concur.