### FIRST NAT. BANK OF TECUMSEH v. HARKEY et al.

No. 7142—Opinion Filed Oct. 10, 1916.

Rehearing Denied March 6, 1917.

(163 Pac. 273.)

(Syllabus by the Court.)

1. **Pleading—Objection to Introduction of Evidence.**

Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

2. **Bills and Notes—Validity—Consideration.**

A note given in settlement of a disputed claim, which might have become the subject of litigation, fairly made, in good faith, without mistake, undue influence, misrepresentation, or fraud, is valid and based upon sufficient consideration.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by the First National Bank of Tecumseh against S. L. Harkey and others. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded.

T. G. Cutlip, for plaintiff in error.

Baldwin & Carlton, for defendants in error.

HARDY, J. The parties occupy the same position here which they occupied in the trial court. Plaintiff brought suit against defendants upon a promissory note, dated January 3, 1913, due October 1, 1913, for the sum of $141.15, with interest at 10 per cent. until paid. Defendant Harkey filed separate answer, consisting of general denial, and admitting the corporate capacity of plaintiff, and the execution of the note sued on, and, further, that at the time of the execution thereof he was indebted to plaintiff in the sum of $10.80, and no more, which sum had been paid, with legal interest thereon, and that at the date of the execution of said note same was executed for $130.35 more than defendant was indebted to plaintiff. Defendants Wells and Wilcox filed joint answer, in which they admitted the execution of the note by them as sureties, and further pleaded that no consideration passed from plaintiff to them, and adopted in substance the allegations of the separate answer of defendant Harkey. Reply was filed, and trial had to a jury, which returned a verdict for defendants, and plaintiff appeals.

There was no demurrer filed to the answer of defendant Harkey, nor motion to make same more specific and certain, nor were any other objections made thereto, except that after the jury had been impaneled, and the defendant offered testimony in support of the allegations thereof, plaintiff then objected to the introduction of any testimony thereunder, for the reason that same did not state facts sufficient to constitute a cause of action against plaintiff. This objection was overruled, and exceptions saved, and error assigned thereon.

An objection of this character made at the time and in the manner this was made, is not looked upon with favor by the courts, unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained, when

the allegations are simply incomplete, indefinite, or conclusions of law, and the pleading will be liberally construed, if necessary, in order to sustain the same. Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890; M., O. & G. R. Co. v. McClellan, 35 Okla. 609, 130 Pac. 916; Abbot v. Dingus, 44 Okla. 567, 145 Pac. 365; McConnell v. Davis, 46 Okla. 201, 148 Pac. 687. The answer in this case was not a model of pleading, but contained the essential elements of the defense which defendants sought to plead. Had plaintiff filed motion to make more specific, or filed demurrer thereto, it is possible the court would have sustained the same, with leave to amend; but, this not having been done, the objection now urged cannot be sustained, unless there is a total failure in some material respect to allege facts that were essential to entitle the defendant to maintain the defense therein defectively set up. It was not error to overrule the objection.

The defendant Harkey had previously been indebted to plaintiff upon a note in the sum of $378, secured by a chattel mortgage, upon which note the other defendants were sureties, and, after certain payments were made thereon, the note in suit was executed as a renewal of the balance unpaid, and the chattel security released. The defense now urged is that previous to the execution of this note a payment of $117 had been made upon the original note, and to that extent the note in suit is without consideration. Defendant Harkey admits that a dispute existed between him and the bank as to the correctness of his claim in that regard, the bank denying that any such payment had been made. Harkey and his codefendants, Wells and Wilcox, who were sureties on both notes, held a consultation, and agreed that there was nothing to do but to execute another note for the amount thereof in settlement of the disputed claim with the bank. All parties were in full possession of all the facts in reference to the dispute, and the note represents the amount agreed upon as a balance unpaid. It is not claimed that any fraud was practiced by the bank upon the defendants, or either of them; neither is any mistake pleaded or claimed, and it appears that the amount of the note was mutually agreed upon. The only contention is that at the time of the settlement Harkey was unable to prove the alleged payment by any witness other than himself, but, since the execution of the renewal note, has discovered a witness by whom he can establish the fact of such payment.

Under these circumstances, the rule of law is well established that, where a note has been given in settlement of a doubtful or disputed demand or claim, which might have become the subject of litigation, such settlement being an extinguishment of the claim or demand, where it is fairly made, in good faith, without mistake, undue influence, misrepresentation, or fraud, the courts will not disturb same, and the validity thereof will not be affected by the fact that the claim, demand, or controversy might have been differently adjusted upon resort to the courts being had. If such were not the law, settlements of the kind here involved would be discouraged, and litigation increased. French v. French, 84 Iowa, 655, 51 N. W. 145, 15 L. R. A. 300; Reid v. Field, 83 Va. 26, 1 S. E. 395; Cobb v. Arnold, 8 Metc. (49 Mass.) 403; Rowe v. Barnes, 101 Iowa, 302, 70 N. W. 197; Pickel v. Commerce, 80 Mo. 65; Power v. Hambrick (Ky.) 74 S. W. 660; Johnson v. Redwine, 98 Ga. 112, 25 S. E. 924; Atlantic Con. Bottling Co. v. Hutchinson, 109 Ga. 550, 35 S. E. 124; Griffith v. Trabue, 11 Heisk (Tenn.) 645; Young v. Grundy, 7 Cranch, 548, 3 L. Ed. 435.

It is claimed that the note is without consideration, to the amount of $117, because of the previous payment of this sum, as claimed by defendant. The note, being given in settlement of a disputed claim and fairly entered into, was based upon a sufficient consideration under the rule of the foregoing authorities. The bank surrendered and delivered to defendant Harkey the original note, and extended the time of payment of the balance agreed to be due, and surrendered chattel security, which was given to secure the original note. There was sufficient consideration to sustain the note in suit, and, under the uncontroverted facts in this case, the plea of want of consideration was not sustained. 8 Cyc. 505-508.

There being no evidence to support the plea of want of consideration, it was error for the court to submit this issue to the jury.

The judgment is accordingly reversed, and the cause remanded.

All the Justices concur.