## HOLLISTER v. SMITH.

No. 8066—Opinion Filed Jan. 9, 1917.

(162 Pac. 706.)

**Compromise and Settlement—Validity.**

An agreement to give a credit upon a note, fairly made, in good faith, without mistake, undue influence, misrepresentation, or fraud, based upon the settlement of a disputed claim, which might have been the subject of litigation, is valid and enforceable.

(Syllabus by Burford, C.)

Error from County Court, Jefferson County; Ben F. Saye, Judge.

Action by O. Z. Smith against S. L. Hollister. Judgment for plaintiff, and defendant appeals. Reversed.

Bridges & Vertrees, for plaintiff in error.

N. C. Peters, for defendant in error.

Opinion by BURFORD, C. O. Z. Smith, trustee in bankruptcy of the estate of the Cox Blodgett Dry Goods Company sued upon a promissory note given by defendant, Hollister, to him. The note was in the usual form, except that it bore the following indorsement:

"This note is given subject to credit of $100.00 if proven that same was paid to Cox Blodgett Dry Goods Co., Oct. 18, 1913, and S. L. Hollister has not received credit for same."

It appears that the defendant below had been purchasing goods for a long period from the defunct dry goods company, and that the note sued upon was given in settlement of what was claimed as a balance due. Defendant, however, claimed a further credit, and consequently made the above indorsement on the note. Suit being brought, the defense was urged that the parties had made a settlement subsequent to execution of the note by which defendant was allowed the $100 credit. The undisputed evidence shows that the manager for defendant went to Wichita, Kan., the trustee's home, with a check numbered 657, dated October 20, 1913, payable to Cox Blodgett Dry Goods Company, for $100 drawn by S. L. Hollister on the First National Bank of Addington, Okla. The check did not bear the indorsement of Cox Blodgett Dry Goods Company, and the stamp of the bank appearing from the face of the check was so dim that the word "paid" could not be distinguished. Upon interviewing the trustee, such manager was directed to his attorneys and advised that any settlement made with them would be satisfactory. She visited said attorneys, and after a consultation it was agreed that the credit

would be allowed if she furnished a statement from the bank that the check had been paid. She returned home and then forwarded to said attorneys the following statement:

"First National Bank,
"Capital and Surplus $27,050.00.
"Addington, Okla.
"The check No. 657 to Cox Blodgett for $100.00 signed by S. L. Hollister was paid at the bank, by draft to them, payable to Cox Blodgett Co.       Jennie E. Evans.
"Aug. 30, 1915."

It was further proven that Jennie E. Evans was the cashier of the First National Bank of Addington. The trial court, a jury being waived, denied this defense and rendered judgment for the full amount of the note, interest, and costs. In this he was in error. It is not material whether or not it was proven on the trial that this $100 payment had actually been made. The essential thing is that if the testimony for defendant be true, and we must here so regard it as it was undisputed, the trustee's attorneys and agents agreed with defendant to a compromise of the dispute existing as to the $100 payment upon a statement from the bank that the check had been paid being furnished. This was forwarded, and the settlement thereupon became complete and binding regardless of whether said check had ever been actually paid or not. This cause is ruled in all its essential features by First National Bank of Tecumseh v. Harkey et al., 63 Oklahoma, 163 Pac. 273. There the bank and Harkey were in dispute as to the amount due upon a note. Harkey finally agreed to execute a new note for the full amount claimed by the bank, and did so. Afterward he discovered a witness by whom he could prove that the payments he claimed had been made, and in suit upon the renewal note set up lack of consideration and payment. This court said:

"Under these circumstances, the rule of law is well established that, where a note is given in settlement of a doubtful or disputed claim which might have become the subject of litigation, such settlement being an extinguishment of the claim or demand, where it is fairly made, in good faith, without mistake, undue influence, misrepresentation, or fraud, the courts will not disturb the same, and the validity thereof will not be affected by the fact that the claim, demand, or controversy might have been differently adjusted upon resort to the courts being had."

In the case at bar defendant was claiming the $100 credit. Very apparently she was preparing to assert that claim in any litigation upon the note. The trustee agreed to allow the credit upon production of the bank's statement. The statement demanded was produced, the agreement for settlement thereupon became consummated, and it was thereafter immaterial whether "the controversy might have been differently adjusted upon resort to the courts being had."

It is insisted that the statement from the bank did not properly identify the check in question. Such statement referred to the maker, amount, payee, and number of the check. This we think was sufficient.

The cause should be reversed for further proceedings.

By the Court: It is so ordered: