### KING et al. v. DIX et al.

No. 14844—Opinion Filed Oct. 21, 1924.

#### Mortgages—Foreclosure— Defense of Fraud —Insufficiency of Evidence.

In an action upon a promissory note and to foreclose a mortgage securing the same, defended against on the ground of fraud where the testimony shows that the note and mortgage sued on were given in settlement of a prior action between the same parties, and the fraud relied on was in the execution and delivery of a note made the basis of such prior action, in the absence of appropriate allegations and proof in the instant action that the fraud alleged was discovered since the settlement of the prior action, such evidence is insufficient as a defense against the instant note and mortgage, and a demurrer to such evidence was properly sustained.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Sam Dix against W. R. King, Bessie E. King, Spurrier Lumber Company, a corporation, and American National Bank, a corporation. Judgment for plaintiff foreclosing his mortgage. Also judgment in favor of Spurrier Lumber Company, on its cross-petition against W. R. King and Bessie E. King and foreclosing its mortgage. From

these judgments foreclosing mortgages, defendant Bessie E. King brings error. Affirmed.

On February 5, 1923, Sam Dix commenced this action by filing his petition in the district court of Payne county to recover judgment upon three certain promissory notes executed by W. R. King and Bessie E. King, and to foreclose his mortgage securing the same, and to have said mortgage established as a prior and superior lien to the claims of Spurrier Lumber Company and American National Bank. Defendant W. R. King defaulted, defendant Bessie E. King filed her separate answer which consisted of a general denial, an admission of the execution of the notes and mortgages sued on, but a denial of the correctness of the amount. Spurrier Lumber Company filed its answer in which it admitted the priority of the mortgage of plaintiff and filed its cross-petition against the defendants W. R. King and Bessie E. King to recover judgment upon one certain promissory note and to foreclose its mortgage securing the same subject to the prior mortgage of the plaintiff. The American National Bank filed its disclaimer in the action. Bessie E. King thereafter filed her separate answer to the cross-petition of Spurrier Lumber Company in which she alleged, in substance, that the mortgage of the Spurrier Lumber Company was obtained by fraud and without consideration, and that the property covered by said mortgage is the homestead of her and her husband, W. R. King, and prayed for judgment cancelling the note and mortgage of the Spurrier Lumber Company..

On May 3, 1923, the case was tried to the court without a jury, and at the conclusion of all the testimony the court sustained the demurrer of the Spurrier Lumber Company to the evidence of the defendant Bessie E. King, and rendered judgment in favor of the plaintiff, Sam Dix, in the sum of $2,452.23, and foreclosing his mortgage against the property, and declaring the same to be a first and prior lien thereon. Decree was also entered in favor of the Spurrier Lumber Company against the defendants W. R. King and Bessie E. King, for the sum of $1,799.25, and foreclosing its mortgage against the property, subject to the prior lien of the plaintiff. After unsuccessful motion for new trial the defendant Bessie E. King has brought the case here for review by petition in error with case-made attached. She complains only of the decree in favor of Spurrier Lumber Company.

C. C. Suman, for plaintiff in error.

Wilcox & Swank, for Spurrier Lumber Company.

Opinion by LOGSDON, C. Aside from the alleged error of the court in overruling the motion for new trial only two other propositions are urged in the brief of plaintiffs in error for a reversal of this case. These two propositions read:

"(1) Said court erred as a matter of law in sustaining the demurrer to the evidence of the plaintiff in error, Bessie E. King, to which she then and there excepted and still excepts.

"(2) Error of the court in excluding evidence offered by Bessie E. King to which she at the time excepted and still excepts."

It appears from the examination of the record in this case that the plaintiff, Sam Dix, offered in evidence the three notes and mortgage securing the same and certain tax receipts showing taxes paid out by him on the property to protect his mortgage, and rested his case. Thereupon the court inquired of counsel for Bessie E. King, "You are not making any issue of the Dix note?" Answer, "No." Thereupon Spurrier Lumber Company introduced in evidence its note and mortgage and rested its case. This note was dated January 30, 1922, and due January 30, 1923, for the sum of $1,635.75. The mortgage introduced in evidence securing this note was dated January 30, 1922, and acknowledged before Virginia M. Harrison, a notary public, February 2, 1922, and the indorsements thereon show that the mortgage tax was duly paid and the mortgage filed for record February 3, 1922.

The evidence then introduced in behalf of defendant Bessie E. King to sustain the allegations of fraud and want of consideration in her answer against the Spurrier Lumber Company was, in substance, this:

In 1919, W. R. King and Bessie E. King, his wife, resided in the city of Stillwater several blocks distant from the property in controversy. The title to this property was in W. R. King. On it was situated an old building unsuitable for occupancy. King procured lumber and material from the Spurrier Lumber Company and remodeled and repaired this house so as to make it suitable as a residence for his family. He also procured lumber and material and constructed on the rear end of these lots a building which he afterward equipped and used as a planing mill. The last material furnished to W. R. King by the Spurrier Lumber Company was on September 28, 1920. It does not appear just when King and his family began occupying these premises as a residence, but on January 11, 1921, King and his wife executed a note to the lumber company for $1,508.75, due 60 days after date. On January 25, 1921, the lumber company filed its statement and claim of lien in the office of the court clerk against this property attaching to such lien statement a copy of the note executed by King and wife January 11, 1921. Thereafter Spurrier Lumber Company commenced an action in the district court to foreclose its materialman's lien. Certain other parties, including Sam Dix, the plaintiff in the instant action, were made parties to that proceeding for the purpose of clearing the title to the property. That action was No. 5816 in the district court, and came on for hearing February 10, 1922. On that day the Spurrier Lumber Company filed its motion to dismiss its petition for the reason that W. R. King and Bessie E. King had made satisfactory settlement with the plaintiff by giving their note and mortgage on the real estate involved in this action. The defendant, Sam Dix, moved the dismissal of his cross-petition in that action without prejudice. Both motions were sustained by the court. Thereupon W. R. King and Bessie E. King proceeded to trial upon their cross-petition in that action against all of the other defendants to quiet the title to the property involved. Judgment was entered in their favor quieting their title as to all parties to the action except Sam Dix and the Spurrier Lumber Company. The note and mortgage sued on in the instant action are the note and mortgage executed by W. R. King and Bessie E. King in settlement of case No. 5816.

On the trial of the instant case in support of her claim of fraud against the Spurrier Lumber Company Bessie E. King testified, in substance, that the note and mortgage of January 11, 1921, were procured by fraud in this, that while the note recited a consideration of $1,508.75, as a matter of fact less than $300 worth of lumber and material were furnished by said company for use in the remodeling and repairing of the premises in controversy, and that at the time she signed said note she was induced to believe that lumber and material to the full amount of $1,508.75 had been so furnished and used. The journal entry in cause No. 5816, which recites the execution and delivery of the note and mortgage sued on in this action in settlement of the action on the note executed January 11, 1921, was entered February 10, 1922, more than a year after the execution of the first note. The trial court held under these circumstances that the testimony in reference to the execution of the first note of January 11, 1921, did

not constitute a defense to the note sued on in this action, and sustained a demurrer to the evidence.

There was no error in this action of the trial court.

Under the second proposition it is contended that the court erred in excluding two items of testimony offered by the defendant ,Bessie E. King. The first testimony rejected of which complaint is made was offered in connection with her testimony concerning the note of January 11, 1921. This question was propounded to her by her counsel, "Would you have signed that if it had not been represented to you that it was for material that went into the home?" This was objected to upon the ground that it was incompetent, irrelevant, and immaterial, and the objection was sustained. Prior to this she had testified that she signed the note, and it was in evidence that title to the property was in her husband, and that the material was furnished to the husband. No error is apparent in the action of the court in excluding the offered testimony.

The second ruling of the court of which complaint is made under this proposition was in sustaining an objection to the following question propounded to Mrs. King by her counsel, "Did you have any contract with Spurrier Lumber Company to furnish material for that home?" Title to the property being in the husband, and the lumber and material having been furnished to him, the action of the court in excluding the proffered testimony was not error. The authorities relied on in support of the contention that this action of the trial court was erroneous are cases based upon the old territorial statute in force prior to statehood. That statute has not been in force since the adoption of the Constitution, and the authorities relied on to sustain this contention are therefore not controlling under the provisions of our Constitution and the statutes now in force.

On the trial of this case the court seems to have been extremely liberal in permitting plaintiff in error every latitude in her efforts to establish fraud as alleged in her cross-petition, but an examination of the entire record fails to disclose any competent testimony showing or tending to show any fraud or misrepresentation in the transaction preceding and accompanying the execution of the note and mortgage sued on herein.

It is therefore concluded upon the whole case that the trial court committed no reversible error in any of the actions and rulings complained of, and that the judgment and decree should be in all things affirmed.

By the Court: It is so ordered.