## SOUTHWESTERN TANK CO. v. MORROW.

No. 14322—Opinion Filed Dec. 1, 1925.

1. **Corporations—Invalidity of Stock Issued to One Paying by Unsecured Notes — Lack of Consideration for Notes.**

Unsecured promises to pay, evidenced by promissory notes, given for corporation stock issued by an Oklahoma corporation, do not constitute "property actually received" for such corporation stock within the meaning of section 39, article 9, of the Constitution of the state of Oklahoma; and where such corporation stock is issued and delivered for such promises to pay, the issue of stock is spurious and void, and constitutes no consideration for such promises to pay.

**2. Same—Judgment Canceling Notes Sustained.**

Record held to support the judgment, and to require that it be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by Southwestern Tank Company, a corporation, against R. J. Morrow. Judgment for defendant, and plaintiff appeals. Affirmed.

Leahy, McDonald & Files and P. T. McVey, for plaintiff in error.

M. L. Holcombe and Clarence Lohman, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff below, and the defendant in error was the defendant. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff, an Oklahoma corporation, brought its suit against the defendant to recover upon eleven promissory notes given to plaintiff by defendant, all dated September 7, 1920, each for the sum of $83.33, and bearing interest at 10 per cent. per annum, and each providing for a $10 attorney fee; and the first falling due on the 7th of October, 1920, and one falling due and payable on the 7th of each succeeding month. Default in payment is alleged, and judgment prayed for the face of the notes, amounting to $916.63, and interest at 10 per cent. and attorney fee in the sum of $110. Copies of the several notes are attached as exhibits.

The defendant filed answer and cross-petition. For answer defendant admitted the execution of the notes, but denied indebtedness thereon, for the reason that there was no consideration for which the notes were given, and that they were obtained by fraud of the plaintiff. The lack or failure of consideration relied upon is that the consideration for the notes was an issue of stock by the plaintiff company, pursuant to a contract in which the company agreed to sell and the defendant to buy 10 shares of its capital stock of the par value of $100 each, and defendant made a cash payment of $83.33 and gave his promissory notes for the balance of $1,000 par value; and it is, in effect, alleged that such issue of stock was spurious and void for the reason that the notes were accepted in payment for all of the par value other than the $83.33 of the issue of stock, and constituted no valid consideration for the notes. The stock certificate is tendered to the plaintiff in the answer. By way of cross-petition defendant seeks to recover from the plaintiff the cash payment of $83.33 made by defendant upon the stock, and the further sum of $100 for services rendered to plaintiff for which defendant had not been paid. Judgment is prayed that plaintiff take nothing upon its petition; for cancellation of the notes; and that the defendant recover from the plaintiff the sum of $183.33 with interest thereon from November 22, 1920. The plaintiff replied by a general denial.

The case was called for trial on the 28th of September, 1922, and a jury empaneled to try the issues joined. In the plaintiff's opening statement to the jury it was conceded the notes were given as and for part purchase money of the stock certificate. Upon this opening statement the defendant moved for judgment, on the theory that the issue of stock was spurious and void for the reason that it was not paid for in money, services, or property equal in value to the par value of the stock. Thereupon the jury was discharged. The plaintiff put in evidence the notes, and admitted that they, together with cash in the sum of $83.33, were given for the stock certificate of the par value of $1,000. The plaintiff's articles of incorporation were also put in evidence. The defendant offered evidence tending to show that he had rendered services for the plaintiff amounting to $100, for which he had not been paid.

Upon this record the trial court found that the stock certificate issued by the plaintiff corporation, to defendant, was void, and that the plaintiff was not entitled to recover upon the notes; and that the stock certificate should be canceled; and that plaintiff should refund to defendant the cash payment of $83.33; and found for the defendant in the sum of $100 for services rendered to plaintiff, and for interest, amounting to $22, a total of $205.33, for which judgment is rendered in favor of defendant and against the plaintiff, together with interest at 10 per cent. per annum from the rendition of the judgment.

The plaintiff appeals. The errors assigned present the one question of whether or not the notes which were given for the stock certificate are property which can be accepted in payment for stock, within the meaning of section 39 of article 9 of the Constitution of Oklahoma, which reads:

"No corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof. * * *"

The notes were unsecured, were plain

promissory notes. In Harn v. Smith, 85 Okla. 137, 204 Pac. 642, this court held that promissory notes secured by mortgage upon real estate were property within the meaning of the constitutional provision, the corporation accepting the notes and mortgage security for the stock being authorized to invest certain of its assets in loans upon real estate. Texas has a similar constitutional provision, and in General Bonding & Casualty Ins. Co. v. Mosely, 110 Tex. 529, 222 S. W. 961, the Texas court held substantially in accord with our own court in Harn v. Smith, supra. In Washer v. Smyer et al., 109 Tex. 398, 211 S. W. 985. the Texas court said:

"It is clear, in our opinion, that the note of a stock subscriber accepted by a corporation in payment for the stock issued him, is not to be regarded as 'property actually received' within the meaning of the constitutional provision. In such a transaction the subscriber does not pay anything into the treasury of the corporation. He merely gives the corporation his promise to pay."

The court held that in a broad sense a promissory note was property in the hands of the payee, but said:

"The framers of the Constitution never intended that property of that nature should constitute the capital of a corporation."

The precise question here presented was not involved in Lee v. Cameron, 67 Okla. 80, 169 Pac. 17, but the reasoning in that case and the authorities therein cited lend support to the rule that a plain, unsecured promise to pay given for an issue of corporation stock is not "property actually received" within the meaning of the constitutional provision above quoted. The question here presented has not been passed upon directly by this court in any case that has been cited or that we have been able to find. But, in view of the fact that the framers of the Constitution, no doubt, had it in mind in adopting the provision above quoted to protect bona fide holders of corporation stock for value against spurious issue of stock, we feel constrained to hold that unsecured promissory notes, such as were given by the defendant for the issue of stock made to him, do not constitute "property actually received" in the sense meant in the said constitutional provision; and further hold that the stock certificate issued to defendant was spurious and void and constitutes no consideration whatever for the defendant's promises to pay. No other question is presented for reversal of the judgment.

It follows that the judgment of the trial court must be, and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 14 C. J. pp. 439, § 600; 450, § 609: 582, 583, § 861. (2) 4 C. J. p. 1129, § 3122.