## HOLMES v. DURANT NURSERY CO.

No. 25075.   May 28, 1935.

C. C. Hatchett, for plaintiff in error.

Utterback & Stinson and Priscilla W. Utterback, for defendant in error.

PER CURIAM.   This is an appeal from a judgment of the district court of Bryan county.   The parties will be referred to as they appeared in the trial court, the defendant in error as plaintiff. and the plaintiff in error as defendant.

Plaintiff instituted suit against the defendant on a promissory note, on which the defendant was the maker and the plaintiff the payee.   The petition is the usual pleading on a past-due promissory note.   The defendant answered by qualified general denial, and pleaded further that he received no consideration for the note, saying that at or prior to the date of the note the plaintiff owned certain real estate adjoining the city of Durant; that the plaintiff or its officers caused to be formed a corporation known as the Sunset Heights Realty Company; that the plaintiff through one of its officers represented and warranted to the defendant that the new corporation would receive a conveyance of the real estate owned by the plaintiff; that same would be platted into town lots and annexed to the city of Durant as an addition thereto; that the note was given in payment of subscription of stock for the new corporation; that the plaintiff failed and refused to convey the real estate to the new corporation; that no stock was ever issued to the defendant. For these reasons, that the consideration for said note wholly failed.   As a further defense the defendant pleaded that the selling of stock in the new corporation was in violation to chapter 49 of the Act of 1919, being sections 2270 to 2285, C. O. S. 1921; that no license was obtained from the State Issues Commission to sell said stock; therefore, that plaintiff could not recover on said note.

By specific allegations the defendant alleged three reasons for the failure of consideration: (a) That the plaintiff failed and refused to convey the real estate to the Sunset Heights Realty Company; (b) that no stock was ever issued or delivered to the defendant; and (c) that the selling of the stock in the Sunset Heights Realty Company was in violation of chapter 49 of the Act of 1919.   He thus limited his defense to these three matters.   To this answer the plaintiff filed a reply consisting of a qualified general denial and pleading further that the defendant in writing subscribed for stock in the new corporation, attaching a copy of the written instrument as an exhibit; that the stock was issued in the new corporation in consideration of the real estate owned by plaintiff and conveyed by warranty deed to the new corporation; that the note was given to the plaintiff and not the new corporation, and was given for the defendant's proportionate or pro rata part of the value of the real estate conveyed to the new corporation; that the defendant

gave his note to the plaintiff in the sum of $1,000; that thereafter payments were made upon said note by the defendant, and at a later time the renewal note was given, which was the one on which suit was instituted. With the issues thus joined, the case was tried before the court, a jury being waived.

At the trial one of the officers of the plaintiff and a bookkeeper of the plaintiff testified orally. Plaintiff introduced in evidence the agreement to purchase stock signed by the defendant and 19 other subscribers; introduced the charter of the corporation of the Sunset Heights Realty Company, the certificate of stock issued to the defendant by the Sunset Heights Realty Company for ten shares, par value $1,000, warranty deed from the plaintiff to the Sunset Heights Realty Company, conveying the real estate mentioned in the pleadings, check made payable to the defendant or bearer issued by the Sunset Heights Realty Company for $455.50, marked canceled and paid, and note for $544.50, being the note on which the suit was instituted.

It was established by oral testimony that the plaintiff owned platted property adjacent to the city of Durant; that the officers of the plaintiff and the defendant and 19 other citizens entered into an agreement by the terms of which the plaintiff was to take the necessary detailed steps to procure the issuing of a charter to the Sunset Heights Realty Company, with a capital stock of $40,000; that plaintiff was to convey the real estate valued at that amount to the new corporation; that in consideration therefor the entire amount of authorized stock should be issued, the defendant and the 19 other citizens subscribing for certain numbers of shares. The defendant gave to the plaintiff his promissory note in the sum of $1,000. Certificate of stock in the new corporation was issued to the defendant and said certificate was held by the plaintiff as collateral security for the payment of the note. After the new corporation was organized, the real estate was annexed to the city of Durant as the Sunset Heights addition. Lots were sold and at a certain time distribution was made to the various stockholders. Defendant's distribution amounted to $455.50. Check was issued payable to the defendant, or bearer, for this amount. The plaintiff deposited the check and gave the defendant credit for that amount on his note. Twenty-seven months thereafter the defendant paid the interest to date and gave a new note for the remaining amount. This is the note on which the suit was instituted. The stock which was not issued to the 20 individuals was issued to two officers of the plaintiff as trustees. The defendant understood all that was done, how the entire transaction was handled, and was familiar with the entire dealings.

The only evidence offered on the part of the defendant was the testimony of Wm. M. Franklin to the effect that the Sunset Heights Realty Company did not comply with chapter 49, Act of 1919, being sections 2270 to 2285, C. O. S. 1921 (later repealed), being popularly referred to as the Blue Sky Law, creating the State Issues Commission. The defendant himself did not testify.

The court gave judgment for the principal of the note with interest and attorney's fees.

The case is properly before this court on petition in error with case-made attached.

The defendant has briefed the case in this court, raising two points: First, that an unsecured note was given for the purchase price of stock in a corporation; that the issue of stock under such circumstances is void; therefore, that there was no consideration for the giving of the note. In support of this contention he cites the case of Southwestern Tank Co. v. Morrow, 115 Okla. 97, 241 P. 1097.

His second contention is that the note was taken in violation of the Blue Sky Law of Oklahoma; in other words, that there was a violation of chapter 49 of the Act of 1919, being sections 2270 to 2285, C. O. S. 1921. He cites as authority for this second contention a case by the Oklahoma Criminal Court of Appeals, Groskins v. State, 52 Okla. Cr. 197, 4 P. (2d) 117, and the following authorities from other states: Grace & Co. v. Strickland (N. C.) 124 S. E. 856, 35 A. L. R. 1296; Reilly v. Clyne (Ariz.) 234 P. 35, 40 A. L. R. 1005; Lewis v. Creasey Corporation (Ky.) 248 S. W. 1046; Kerst v. Nelson (Minn.) 213 N. W. 904, 54 A. L. R. 495.

In anticipation of argument on the part of the plaintiff, defendant also briefs the subject that the giving of a renewal note does not waive the defense of failure of consideration arising from an illegal or void transaction.

We could easily pass over the contention of the defendant that an unsecured note given to a corporation in payment of stock issued by it is not enforceable for the reason that the transaction is in violation of section 39, article 9, of the Oklahoma Con-

stitution. This issue was not presented to the trial court at all, either in the pleadings or in the evidence. As hereinbefore pointed out, the defendant by specific allegation limited his defense to the three reasons why he claimed there was a failure of consideration. He thus excluded from the consideration of the trial court the contention that the note was given for a transaction inhibited by the constitutional provision above mentioned. The rule of pleading by which the defendant is bound is stated by this court in the case of Whitaker v. Crowder State Bank, 26 Okla. 786, 110 P. 776. In the first paragraph of the syllabus in that case, we said:

"It is a well-settled rule of pleading that a specific statement of facts will always control a general statement, whether that general statement be or be not regarded as a mere conclusion of law."

Being a defense upon which the defendant did not rely, this court is under no obligation to consider same. Westlake v. Cooper, 69 Okla. 212, 171 P. 859; Black, Sivalls & Bryson, Inc., v. Farrell, 131 Okla. 249, 268 P. 276.

However, we have considered defendant's argument and authorities on this contention. As we view it, the transaction involved in this action does not fall within the constitutional inhibition. Section 39, article 9, Oklahoma Constitution, among other things, provides:

"No corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof."

In the case at bar the Sunset Heights Realty Company issued stock in the sum of $40,000 for real estate valued at that amount. The real estate was conveyed to it by the plaintiff. The evidence shows that 17 of the subscribers paid the plaintiff their proportionate or pro rata part of the value of the real estate; that one subscriber moved from the community and did not carry out his contract at all; that the defendant and one other failed to make complete payment. If the Sunset Heights Realty Company had issued the $1,000 worth of stock to the Durant Nursery Company, the nursery company could in turn have sold and assigned it to the defendant and taken in payment therefor his unsecured note. The transaction in the case at bar was equivalent to the issuing of the stock to the plaintiff and the assignment thereof by the plaintiff to the defendant. The constitutional inhibition does not extend to the selling or

assigning of stock held by a third party whether an individual or a corporation.

The defendant tries to bring the facts with reference to the subscription of stock into the terms of section 1, chapter 49, Act of 1919, section 2270, C. O. S. 1921, later repealed. The evidence does not justify this conclusion. A group of citizens, all in the same community, knowing all the facts, entered into an agreement for the organization of a new corporation to purchase real estate, with which the defendant and all of the other citizens were familiar. This was done. The real estate was annexed to the city of Durant, the property was sold, and if the depression had not come everybody would have been happy. This was not a dealing in speculative securities.

The Criminal Court of Appeals, in the case of Hornaday v. State, 21 Okla. Cr. 354, 208 P. 229, interprets this act. We agree with the interpretation placed thereon. There was not such promotion or sales talk in the case at bar as to constitute a violation of either the letter or the spirit of that statute. Therefore, we hold that the transaction was not in violation of this act.

Both parties have briefed the effect of the giving of the renewal note. Since we have held that the original note was given for a legal and valuable consideration, it is not necessary to give much consideration to this subject. The general rule seems to be that the giving of a renewal note for an absolutely void transaction does not remove the effect therefrom. This court is committed to the doctrine that the giving of a renewal note with knowledge of fraud in procuring the original note, or knowledge of partial or complete failure of consideration for the original note, waives the defense thereto. Tudor v. American Investment Co. of Enid, 163 Okla. 274, 21 P. (2d) 1056, and other cases.

The defendant in this case paid the interest on the original note and gave a renewal note long after it had become known that the transaction was not as successful as he and others had expected. This is simply further evidence that he was at all times fully familiar with the entire transaction.

Finding no error in the record, the case is affirmed.

The Supreme Court acknowledges the aid of Attorneys Wm. S. Hamilton, Joseph D.

Mitchell, and L. A. Justus, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hamilton and approved by Mr. Mitchell and Mr. Justus, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., concur.