PETERS v. CITIZENS NAT. BANK IN OKMULGEE.

No. 32017. Jan. 15, 1946.

165 P. 2d 336.

E. E. Buckholts, of Tulsa, and W. A. Barnett, of Okmulgee, for plaintiff in error.

Steele & Boatman, of Okmulgee, for defendant in error.

PER CURIAM. This action was commenced by the Citizens National Bank in Okmulgee, Okla., a corporation, hereinafter called plaintiff, against L. B. Peters to recover on a promissory note executed on the 4th day of April, 1936, said note being due and payable 90 days after date in the principal sum of $1,000. The last interest payment was made on said obligation on January 11, 1944, which paid the interest to November 4, 1943.

The defendant waived the issuance of summons and made an appearance and filed an answer and counterclaim which, in substance, alleged that prior to the execution of the note in question he was indebted to the said bank or its predecessor in the sum of $4,178.-34; that said indebtedness was secured by 100 shares of capital stock of International Nickel of Canada, 100 shares of capital stock of United Founders, and 33 shares of capital stock of Superior Oil Company; that in pursuance of a conversation had with one of the officers of plaintiff, or its predecessors, it was agreed that the interest of the defendant would be protected at all times in the sale of certain collateral; but that during his absence said collateral was sold; that on his return he was advised that said collateral had been legally sold and the proceeds applied on the indebtedness; that he objected strenuously to the manner of sale of said collateral and the lack of protection offered by the officer of plaintiff's predecessor; that in pursuance of such conversations he thereupon executed the note in question.

He admits the payments as above stated. The court sustained a demurrer to defendant's answer and counterclaim. We are of the opinion, and hold, that the trial court did not err in sustaining the demurrer to the answer and counterclaim. The note was made in 1936, after full knowledge of the transaction relating to the sale of the securities. If the defendant chose to rely upon the statement of the officers of the plaintiff or its predecessor and executed the note of April 4, 1936, he was bound and charged with all the transactions up to said date. See First National Bank v. Harkey, 63 Okla. 163, 163 P. 273; King v. Dix, 103 Okla. 286, 229 P. 1062; Tudor v. American Investment Co., 163 Okla. 274, 21 P. 2d 1056; Holmes v. Durant Nursery Co., 172 Okla. 385, 45 P. 2d 698. At all times after the sale of said securities the defendant knew or was charged with knowledge of the sale and whether it was legal, or constituted a conversion of said securities, as suggested but not alleged by the defendant, it was his duty to investigate the same prior to the execution of said note. When he relied upon the statement as to the method of sale and executed said note all negotiations leading up to the said transaction were merged in the execution of the note of April 4, 1936.

In addition to this he made periodical payments of interest every three months, the last payment being January 11, 1944. He cannot at this late date claim the right to assert the illegal sale of the collateral and the conversion thereof.

It is not alleged in the answer and counterclaim that the plaintiff or its predecessor converted the securities given as collateral to the first note. In the briefs of both parties it is assumed that the original obligation was made to a prior banking institution and that the original obligation was sold or transferred to the plaintiff. It is not stated when the collateral was sold, whether prior to the transfer to the plaintiff or subsequent to such transfer. It is alleged that the defendant does not know whether the securities were legally sold or not. We are of the opinion, and hold, that this case comes within the rule that a party cannot renew an obligation to which a defense within his knowledge could have been made and then assert a defense after continued payments on the obligation. See Hatten Realty Co. v. Bayliss, 42 Wyo. 69, 290 P. 561, 72 A. L. R. 587, and annotations following, and Fipps v. Stidham, 174 Okla. 473, 50 P. 2d 680.

The order of the trial court sustain-

ing the demurrer to the answer and counterclaim is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.